IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,**<br>1331 F St., Suite 900,<br>Washington, DC 20004,<br><br>  Plaintiff,<br><br>  v.<br><br>**U.S. DEPARTMENT OF JUSTICE,**<br>950 Pennsylvania Avenue NW<br>Washington, DC 20305,<br><br>  Defendant. | Civil Action No. |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Department of Justice ("DOJ") seeking records relating to legal or ethical violations by former Assistant United States Attorney ("AUSA") Terra Morehead ("Morehead") at the Office of the United States Attorney for the District of Kansas ("USAO Kansas"), as well as the DOJ's related actions or decisions not to take action.

2. CREW seeks declaratory relief that Defendant is in violation of FOIA, and injunctive relief requiring Defendant to immediately process and release the requested records.

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

6. Defendant the DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control of the requested records.

## Legal Framework

7. FOIA, 5 U.S.C. § 552, requires federal agencies to release requested records to the public unless one or more specific statutory exemptions apply.

8. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination of which the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. An agency's failure to make this determination within 20 business days is subject to judicial review without exhausting administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

10. In "unusual circumstances," an agency may extend the time to respond to a request by no more than 10 working days provided that the agency gives the requester written

notice setting forth the unusual circumstances and the date on which the agency expects to make a determination. 5 U.S.C. § 552(a)(6)(B)(i)-(iii). FOIA defines "unusual circumstances" as including the need to search for and collect responsive records from offices other than the office processing the request; the need to search for, collect, and examine a "voluminous amount of separate and distinct records;" and the need to consult with another agency. 5 U.S.C. § 552(a)(6)(B)(iii)(I)-(III).

## **Factual Background**

11. Courts have repeatedly criticized Morehead for her misconduct as a federal prosecutor related to undue influence of witnesses, failure to disclose material information, and unauthorized access to attorney-client communications.

12. In *United States v. Orozco*, 291 F. Supp. 3d 1267 (D. Kan. 2017), a federal court found Morehead to have interfered with a defense witness before he testified by threatening consequences in the witness's own criminal prosecution. In *United States v. Giannukos*, No. 15-cv-20016, ECF No. 198 (D. Kan. May 10, 2021), a court found her to have failed to disclose material information about the prosecution's witness to the defense. In *United States v. Carter*, 429 F. Supp. 3d 788 (D. Kan. 2019), and in *CCA Recordings 2255 Litig. v. United States*, 2021 WL 5833911 (D. Kan. Dec. 9, 2021), courts found her to be involved in the Kansas US Attorney's Office's unauthorized access to attorney-client communications, and that she resisted efforts to reveal and rectify the incident.

13. As a Kansas state prosecutor, Morehead also reportedly threatened to imprison a key witness, Niko Quinn, and have her children removed if she did not lie about what she saw the day of a double homicide.[1] It was alleged that Morehead pressured Quinn into giving false

---

[1] Peggy Lowe, *An innocent Kansas Man Spent 23 years in Prison. His Release Exposed Decades of Police Corruption*, KCUR (Oct. 19, 2022),

testimony by threats such as "this is how it's going to be done, or I'll send someone to get your kids and you'll be put in jail for perjury," and "[i]f you don't do what we discussed, I'll throw your black ass in jail. I'll send them to get your kids, and you'll never see them again."[2] She also reportedly failed to disclose her past romantic relationship with the judge on the case.[3]

14. To shed light on how the federal government responded to these incidents and allegations, CREW submitted a FOIA request to both the Executive Office for United States Attorneys ("EOUSA") and the DOJ's Office of Professional Responsibility of ("OPR") on April 24, 2024, seeking:

> a. All records, relating to former AUSA Morehead at USAO Kansas, that pertain to proven or alleged violations by AUSA Morehead of any provisions of law or constitution, any provisions of the United States Attorneys' Manual adopted by the DOJ, any ethical duties imposed upon AUSA Morehead in her capacity as a government prosecutor as set forth in the Kansas Rules Relating to Discipline of Attorneys, or any other professional misconduct.
>
> b. All records, relating to Morehead's conduct as a prosecutor for the State of Kansas or any political subdivisions thereof, that pertain to proven or alleged violations by Morehead of any provisions of law or constitution, any ethical duties imposed upon Morehead in her capacity as a government prosecutor as set

---

https://www.kcur.org/news/2022-10-19/an-innocent-kansas-man-spent-23-years-in-prison-his-release-exposed-decades-of-police-corruption.

[2] Complaint at 33-34, *Houcks v. Unified Government of Wyandotte County and Kansas City, Kansas*, No. 23-cv-2489 (D. Kan. Nov. 3, 2023).

[3] Peggy Lowe, *Kansas Prosecutor who Framed Innocent Man Surrenders Law License, Will Soon Be Disbarred*, KCUR (Apr. 16, 2024), https://kansaspublicradio.org/2024-04-16/notorious-kansas-prosecutor-surrenders-law-license-will-soon-be-disbarred.

    forth in the Kansas Rules Relating to Discipline of Attorneys, or any other professional misconduct.

  c. All records relating to any DOJ investigations, actions (including but not limited to case reassignments and disciplinary measures), or decisions not to take action, in regard to Morehead's conduct as an AUSA or prosecutor for the State of Kansas, including those relating to proven or alleged violations by Morehead of any provisions of law or constitution, any provisions of the United States Attorneys' Manual adopted by the DOJ, any ethical duties imposed upon Morehead in her capacity as a government prosecutor as set forth in the Kansas Rules Relating to Discipline of Attorneys, or any other professional misconduct.

15. CREW's FOIA request also stated that *CCA Recordings* noted "despite evidence of her conduct in both this and other criminal cases, the government has confirmed that it has not imposed internal sanctions or discipline against AUSA Morehead on the basis of untruthfulness," and that "[g]iven the frequent, norm-breaking, and severe allegations listed above, the public has a significant interest in the disclosure of the DOJ's knowledge of and response to Morehead's misconduct."

16. CREW's request sought a fee waiver.

17. On April 25, 2024, OPR acknowledged receipt of CREW's request, assigned it the request number F24-00095, and invoked an extension of its response deadline due to "unusual circumstances."

18. On April 25, 2024, EOUSA acknowledged receipt of CREW's request, assigned it the tracking number EOUSA-2024-001810, and rejected the request, writing that CREW "ha[s] requested records concerning a third party. To the extent that non-public responsive records exist,

5

without consent, proof of death, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy."

19. On April 26, 2024, CREW submitted a FOIA appeal of EOUSA's April 25, 2024 decision.

20. To date, CREW has received no further communications from the DOJ regarding CREW's April 24, 2024 FOIA requests or the FOIA appeal on April 26, 2024.

## CREW'S CLAIM FOR RELIEF

### The DOJ's Wrongful Withholding of Records Responsive to CREW's April 24, 2024 FOIA Requests

21. CREW repeats and re-alleges the preceding paragraphs.

22. In its April 24, 2024 FOIA requests, CREW properly asked for records within the possession, custody, and control of the DOJ.

23. The DOJ has failed to conduct an adequate search in response to CREW's requests.

24. The DOJ is wrongfully withholding records responsive to CREW's requests.

25. By failing to timely release all requested records in full to CREW, the DOJ is in violation of FOIA.

26. CREW has constructively exhausted its administrative remedies.

27. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

**Requested Relief**

WHEREFORE, CREW respectfully requests that this Court:

(1) Order the DOJ to immediately and fully process CREW's FOIA requests and disclose all non-exempt records to CREW;

(2) Declare that CREW is entitled to immediate processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award CREW its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Date: Aug 21, 2024

Respectfully Submitted,

*/s/ Chun Hin Tsoi*
Chun Hin Tsoi
(D.C. Bar No. 90017713)
Laura Iheanachor
(D.C. Bar No. 1782056)
Nikhel S. Sus
(D.C. Bar No. 1017937)
Citizens for Responsibility and Ethics in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
jtsoi@citizensforethics.org
liheanachor@citizensforethics.org
nsus@citizensforethics.org